UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

USA HALAL FOODS, INC. A.K.A.
AS-SALAAM HALAL AND FINE
FOODS WHOLESALE DISTRIBUTORS
and KASHIIF SAEED,

                Defendants.
--------------------------------------------------------x

**CONSENT JUDGMENT AND DECREE**

Civil Action No.
23-cv-2689

(DeArcy Hall, J.)
(Pollak, M.J.)

       WHEREAS, the United States of America has filed a civil complaint (the "Complaint") on behalf of the United States Department of Agriculture ("USDA") against USA Halal Foods, Inc. ("USA Halal"), and Kashif Saeed (collectively, "Defendants"), seeking permanent injunctive relief enjoining the Defendants from violating the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. §§ 601 *et seq*., and the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451 *et seq*., a copy of the Complaint is annexed hereto as Exhibit A; and

       WHEREAS, Defendant USA Halal is a meat and poultry distributor incorporated in the State of New York, located at 179-17 149th Avenue, Jamaica, New York 11434, within the Eastern District of New York; and

       WHEREAS, Defendant USA Halal also does business under the names As-Salaam Halal and Fine Foods Wholesale Distributors; and

WHEREAS, Defendant USA Halal engages in the transport, sale, and distribution of, *inter alia*, meat, meat food products, poultry, and poultry products, in interstate and intrastate commerce; and

WHEREAS, Defendant Kashif Saeed is the President and owner of USA Halal and has full operational knowledge of USA Halal's business activities, and resides within the Eastern District of New York; and

WHEREAS, the Complaint, the allegations of which are incorporated by reference herein, states claims for relief under the PPIA and FMIA based on Defendants engaging in certain violations of the aforementioned acts; and

WHEREAS, Defendants have not yet answered the Complaint; and

WHEREAS, the parties wish to settle this action in its entirety without further litigation, and therefore consent to the entry by the Court of the following provisions as judgment in this action without the Defendants admitting or denying the allegations in the Complaint and disclaiming any liability in connection wherewith:

NOW, THEREFORE, it is hereby ORDERED, STIPULATED, CONSENTED TO and AGREED that, pursuant to the FMIA and the PPIA, and the inherent power of this Court:

1.  This Court has jurisdiction over the subject matter of the Complaint pursuant to 21 U.S.C. §§ 674 and 467c, and 28 U.S.C. §§ 1331, 1337, and 1345, and has personal jurisdiction over all parties to this action. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the actions giving rise to this action occurred in the Eastern District of New York, and because Defendants transact business within this judicial district.

2.  The Defendants and their owners, officers, directors, agents, representatives, employees, successors, heirs, assigns, and any persons or entities in active concert or participation

with the Defendants, are permanently enjoined from directly or indirectly: (a) selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, or within the designated State of New York,[1] any meat, meat food products, poultry, or poultry products, capable of use as human food, that are misbranded; (b) causing any meat, meat food products, poultry, or poultry products, capable of use as human food, to be misbranded while they are being transported in commerce, or within the designated state of New York, or being held for sale after such transportation; (c) selling, transporting, offering for sale or transportation, or receiving for transportation, in commerce, or within the designated State of New York, any meat, meat food products, poultry, or poultry products, capable of use as human food, that are required to be inspected under the FMIA or the PPIA, unless such products have been so inspected and passed; (d) failing to keep such records as will fully and correctly disclose the purchase, receipt, offer for sale, sale, transportation, or any other transaction regarding any meat, meat food products, poultry, or poultry products, capable of use as human food, including the source of all such products; and (e) from engaging in any other conduct that would violate the FMIA or the PPIA, or the regulations promulgated thereunder.

3.  Defendants shall, at all reasonable times, afford to representatives of the USDA full access to USA Halal's business premises. Full access shall include full and unimpeded opportunity to inspect and examine USA Halal's business facility, inventory, and records, and to copy records and to take reasonable samples of inventory. All reasonable times shall include any hours when USA Halal does business. Additionally, authorized representatives of the USDA shall have the

---

[1] The Secretary of Agriculture has designated the State of New York as a state in which the requirements of the FMIA and the PPIA apply to all operations and transactions in meat or poultry that take place within the State. *See* 21 U.S.C. §§ 661(c)(1) and 454(c); 9 C.F.R. § 331.2.

right to seize and destroy any and all misbranded or uninspected meat, meat food products, poultry, or poultry products, in accordance with applicable laws, regulations, and directives.

4. If Defendants sell, transport, offer for sale or transportation, or receive for transportation, in commerce, or within the designated State of New York, any misbranded or uninspected items of meat, meat food products, poultry, or poultry products, in violation of any provision of this Consent Decree, the Defendants shall be immediately, jointly, and severally liable to pay to the United States: (a) the sum of five hundred dollars ($500.00) per pound of such misbranded or uninspected items for the first violation; and (b) the sum of one thousand dollars ($1,000.00) per pound of such misbranded or uninspected items for each subsequent violation.

5. If Defendants fail to keep such records as will fully and correctly disclose the purchase, receipt, offer for sale, sale, transportation, or any other transaction regarding any meat, meat food products, poultry, or poultry products, capable of use as human food, including the source of all such products pursuant to the FMIA and PPIA, Defendants shall be immediately, jointly, and severally liable to pay the United States: (a) the sum of five hundred dollars ($500.00) per transaction for the first violation; and (b) the sum of one thousand dollars ($1,000.00) per transaction for each subsequent violation.

6. The amounts set forth in Paragraphs 4 and 5 shall be separate and apart from any other remedy that the United States may pursue for violations of this Consent Decree.

7. Should enforcement proceedings beyond this Consent Decree be necessary, the United States shall recover from the Defendants all court costs and expenses incurred by the Department of Justice and the USDA in such proceedings, including investigation and preparation time and attorneys' fees.

8. The parties agree that nothing in this Consent Decree shall preclude any future regulatory, administrative, or court action, authorized by law, regulation, or otherwise, including, but not limited to, referral of any matter for possible criminal, civil, or administrative proceedings. This Consent Decree does not limit any rights or remedies available to the United States for any violation of the FMIA or PPIA or their associated regulations, or any rights or remedies available to the United States for any criminal violations.

9. Defendants hereby waive any defense they may have to any criminal prosecution or any civil or administrative action relating to violation of this Consent Decree that may be based in whole or in part on the Double Jeopardy Clause in the Fifth Amendment to the U.S. Constitution, the Excessive Fines Clause in the Eighth Amendment to the U.S. Constitution, any statute of limitations, or the laches doctrine.

10. Nothing in any provision of this Consent Decree constitutes an agreement by the United States concerning the characterization of payments from the Defendants to the United States for purpose of the Internal Revenue laws, Title 26 of the United States Code.

11. Within ten (10) days of the date of entry of this Consent Decree, Defendants must provide a copy of this Consent Decree to each of USA Halal's owners, officers, directors, agents, representatives, employees, successors, and assigns, and inform these individuals of the contents of the Consent Decree to ensure that those individuals understand the provisions of the Consent Decree and can perform their jobs or otherwise act in compliance with the Consent Decree. Defendants must provide the USDA with a declaration of compliance, within thirty (30) days of the date of entry of this Consent Decree, identifying the name and position of each person so notified of the Consent Decree. If, after the entry of this Consent Decree, USA Halal becomes associated with any additional owners, officers, directors, agents, representatives, employees,

successors, or assigns, Defendants shall, within ten (10) days of the new association, provide a copy of this Consent Decree to any such persons, and inform these individuals of the contents of the Consent Decree to ensure that these individuals understand the provisions of the Consent Decree and can perform their jobs or otherwise act in compliance with the Consent Decree.

12. Defendants shall notify USDA in writing at least fourteen (14) days before any change in the ownership or name of USA Halal. Defendants also shall notify USDA in writing at least fourteen (14) days before any change in the character of the business of USA Halal, including reorganization, relocation, dissolution, assignment, sale, or lease of the business or significant assets of the business. Defendants shall provide any prospective purchaser, lessee, successor, or assignee of USA Halal with a copy of this Consent Decree before any such transaction or change in business occurs. Defendants' notice to the USDA under this paragraph shall include a declaration regarding its provision of a copy of this Consent Decree to any prospective purchaser, lessee, successor, or assignee.

13. After the Defendants and their owners, officers, directors, agents, representatives, employees, successors, and assigns have maintained compliance with all requirements of this Consent Decree, as well as applicable provisions of the FMIA and PPIA and associated regulations, for a period of four (4) years following the entry of the Consent Decree, Defendants may serve upon the United States a written request for termination of the Consent Decree ("Request for Termination"), explaining how they have satisfactorily complied with all such requirements, together with all necessary supporting documents. The parties shall thereafter confer informally concerning the Request for Termination. If the United States agrees that the Consent Decree may be terminated, the parties shall submit, for the Court's approval, a joint stipulation requesting termination of the Consent Decree. If the United States does not agree that the Consent

Decree may be terminated, Defendants may file a motion with this Court seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; provided, however, that the Defendants will not file any such motion until at least sixty (60) days after service of the Request for Termination on the United States. In order to prevail on such a motion, Defendants bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of the Consent Decree and applicable provisions of the FMIA and PPIA and associated regulations.

14. Each party shall bear their own costs and attorney's fees, except as otherwise provided for by this Consent Decree.

15. For purposes of this Consent Decree, notice and service upon the parties must be accomplished by hand delivery, certified mail return receipt requested, or overnight or express delivery using the United States Postal Service or a private carrier, and such notice and service shall be made to the following:

*For the United States:*

United States Attorney's Office
Eastern District of New York
Attn: Assistant United States Attorneys Bonni J. Perlin and Kevin Yim
271-A Cadman Plaza East
Brooklyn, New York 11201

*For the USDA*:

United States Department of Agriculture
Food Safety and Inspection Service
Office of Investigation, Enforcement and Audit
Attention: Director, Enforcement Operations Staff
Stop Code 3753
1400 Independence Avenue, SW
Washington, D.C. 20250

*For the Defendants:*

USA Halal Foods, Inc.

        Attention: Kashif Saeed, President
        179-17 149th Avenue
        Jamaica, New York 11434

16. If Defendants are required to make any payment pursuant to this Consent Decree, Defendants will make such payment pursuant to written instructions that will be provided by the United States.

17. The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Decree. Should the Defendants fail to abide by and perform all the terms and conditions set forth herein or in such further decree as may be entered in this action, the United States may apply to this Court for relief, and any alleged violation of this Consent Decree shall be adjudicated by this Court.

18. The below signatories hereby expressly acknowledge and represent that they possess the authority to execute the Consent Decree on behalf of themselves or the represented parties hereto.

19. The Consent Decree may be executed in separate counterparts, each of which constitutes an original and all of which constitute one and the same Consent Decree. Signatures delivered by facsimile transmission, or as .pdf attachments to emails, shall constitute acceptable, binding signatures for the purposes of this Consent Decree.

(This section intentionally left blank.)

United States v. USA Halal Foods, Inc., et ano.
Consent Judgment and Decree
Page 9

We hereby consent to the entry of the foregoing Consent Decree.

Dated: April 5, 2023
Jamaica, New York

USA Halal Foods Inc.
By Kashif Saeed, President

Dated: April 5, 2023
Jamaica, New York

Kashif Saeed

Dated: April 5, 2023
Melville, New York

Dated: April 5, 2023
Brooklyn, New York

BREON PEACE
United States Attorney
*Counsel for Plaintiff United States*
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By:

Kevin Yim
Assistant U.S. Attorney
(718) 254-6186
kevin.yim@usdoj.gov

**Jason Berke Esq**
*Attorney for Defendants*
**200 Broadhollow Road, Suite 207**
**Melville, New York 11747**
**(718) 793-2488 Ext. 104**

SO ORDERED this 18 day of April, 2023

s/ LDH
UNITED STATES DISTRICT JUDGE
HONORABLE LaSHANN DeARCY HALL